UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMUL ACTION COMMITTEE, et al., | No. 2:13-cv-01920-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| JONODEV CHAUDHURI, Acting Chairman of the National Indian Gaming Commission, et al., | |
| Defendants. | |

Walter Rosales and Karen Toggery move for leave to file an *amicus curiae* brief. ECF No. 75. After considering the parties' briefing, the court took the matter under submission without a hearing. The motion is denied, as explained below.

I.   BACKGROUND

The Jamul Action Committee, several of its individual members, and the Jamul Community Church are the plaintiffs here. The defendants are (1) several employees, officers, or appointees of the National Indian Gaming Commission, the Department of the Interior, and the Bureau of Indian Affairs (the federal defendants); and (2) several individual members of the Jamul Indian Village (the Tribal Members)[1] and several corporations participating in the

---

[1] The Jamul Indian Village (the Tribe) is a federally recognized tribal entity entitled to tribal sovereign immunity. Order Aug. 5, 2014, at 7, ECF No. 50. The Tribe has not consented to this court's jurisdiction and is not a defendant here.

1

construction of a casino near Jamul, California (the tribally affiliated defendants). The complaint, now in its third iteration, seeks most fundamentally an injunction to halt construction of the casino.[2] *See* Second Am. Compl. 30–31, ECF No. 51.

In their motion, Rosales and Toggery describe themselves as "Native American residents of San Diego County of one-half or more degree of California Indian blood, and former leaders of the half-blood Indian community, known as the Jamul Indian Village." Mem. P. & A. 1, ECF No. 75-1. They claim interests in "their families' remains and funerary objects" and in "the Indian cemetery property in which they were interred." *Id.* at 0–1.[3] They seek leave to file an amicus brief to correct "significant misrepresentations to the Court about the half-blood community's status" and about "the merits of Walter Rosales and Karen Toggery's beneficial ownership of their families' human remains, funerary objects, and the cemetery property on which they lived, and which JIV has desecrated to construct a casino on land that does not qualify for Indian gambling." *Id.* The memorandum filed with their motion alleges,

> [Mr. Rosales' and Ms. Toggery's] families' remains and funerary objects are now being disinterred, desecrated and unceremoniously dumped by the Defendants in a race to illegally build a casino on the cemetery property before they are stopped and the law is enforced. More than 20 eyewitnesses have testified to the families' interment on the cemetery property, and the undeniable evidence that the Defendants have illegally disinterred and dumped Walter and Karen's families' human remains and funerary objects on a State highway project at the juncture of State Routes 11-125-905 on the Mexican border.

*Id.* at 2. To their motion, Rosales and Toggery attach a proposed amicus brief, ECF No. 75-2, and several exhibits and requests for judicial notice, *see* ECF Nos. 75-3, 76–82, 88.

---

[2] The complaint includes six claims for relief: (1) declaratory and injunctive relief for violation of the Indian Gaming Regulatory Act; (2) declaratory and injunctive relief for violations of the Indian Reorganization Act of 1934; (3) declaratory and injunctive relief under constitutional principles of federalism and equal protection; (4) injunctive relief and damages for public nuisance and nuisance per se; (5) declaratory relief and mandate for violations of the National Environmental Protection Act; and (6) declaratory and injunctive relief for violation of California's compact with the Tribe. *See generally* Second Am. Compl., ECF No. 51.

[3] The memorandum's second page is labelled page 1.

2

The defendants oppose the motion. Tribal Members' & Affiliated Defs.' Opp'n, ECF No. 83; Fed. Opp'n, ECF No. 84. They argue the proposed amicus brief is untimely and irrelevant to any pending issues, Tribal Members' Opp'n 4–5, 15–17; Fed. Opp'n 7–9, 11; is no more than a collateral attack on this court's previous orders and federal decisional law, Tribal Members' Opp'n 5–9, 13–14; Fed. Opp'n 10; injects new issues into this litigation, Tribal Members' Opp'n 6–9; Fed. Opp'n 9–10; and ignores the requirements of this court's standing order, Tribal Members' Opp'n 14–15; Fed. Opp'n 6–7.

II.     DISCUSSION

Federal district courts have broad discretion in the appointment of amici. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). Although courts in general liberally allow the filing of amicus briefs, if a proposed brief would not be helpful, an amicus may be turned away. *See Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). An amicus brief may be unhelpful for many reasons, including because it is untimely or does not provide information relevant to a pending decision. *See id.*

Here, the proposed brief is unhelpful to resolve any pending issue and is best understood as a request for reconsideration of the court's previous order. Only one other motion is pending: the plaintiffs' motion for a preliminary injunction and writ of mandate. ECF No. 60. It has been fully briefed. *Id.*; Fed. Opp'n Prelim. Inj., ECF No. 63; Tribal Members' Opp'n Prelim. Inj., ECF No. 62; Reply Prelim. Inj., ECF No. 67. The court took the matter under submission on January 27, 2015. Minute Order, ECF No. 68. In that motion, the plaintiffs seek to enjoin construction of the casino until the federal defendants issue certain environmental impact statements. *See* Mem. P.&A. Supp. Prelim. Inj. 2, ECF No. 60-1. The proposed amicus brief does not address the basis of the plaintiffs' pending motion, namely the proposed gaming management contract and its regulatory implications. *See* Mot. Prelim. Inj. 2–5, ECF No. 60-1.

1     To the extent the proposed amicus brief contests the Tribe's federal recognition, the tribally affiliated defendants' or the Tribe's sovereign immunity, or argues the Tribe is not a necessary party, the proposed brief runs contrary to the court's prior order.  *See* Order Aug. 5, 2014, at 7, ECF No. 50.  That order addressed a motion filed nearly a year ago and decided several months before the proposed amicus brief was filed.  Rosales and Toggery describe no reason for their delay.  Nothing prevented an earlier motion or an application for reconsideration had it been denied.  Now simply is not the time.

III.    CONCLUSION

The motion is DENIED.

IT IS SO ORDERED.

DATED:  April 16, 2015.

_____
UNITED STATES DISTRICT JUDGE