1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMUL ACTION COMMITTEE, et al.,            No.  3:13-cv-01920 KJM-KJN

12                  Plaintiffs,

13            v.                                STATUS ORDER

14   JONODEV CHAUDHURI, Acting
     Chairman of the National Indian Gaming
15   Commission, et al.,

16                  Defendants.

17

18

19            On September 17, 2015, the court held a status conference to discuss how to move

20   this case forward in light of the pending interlocutory appeal before the Ninth Circuit.  Kenneth

21   Williams appeared for plaintiffs Jamul Action Committee and Jamul Community Church

22   (collectively, "plaintiffs").  Barbara Marvin and Judith Rabinowitz appeared for defendants U.S.

23   Department of the Interior; the National Indian Gaming Commission ("NIGC"); Jonodev

24   Chaudhuri, Chairman of the NIGC; Shannon O'Loughlin, NIGC Chief of Staff; S.M.R. Jewell,

25   Secretary of the U.S. Department of the Interior; Kevin Washburn, Assistant Secretary-Indian

26   Affairs, U.S. Department of the Interior; Paula L. Hart, Director of the Office of Indian Gaming,

27   Bureau of Indian Affairs; Amy Dutschke, Regional Director, Pacific Regional Office, Bureau of

28   Indian Affairs; John Rydzik, Chief, Division of Environmental, Cultural Resources Management

1

1   and Safety, in their official capacities (collectively, "federal defendants").  Frank Lawrence

2   appeared for defendants Raymond Hunter; Penn National Gaming, Inc.; San Diego Gaming

3   Ventures, LLC; and C.W. Driver, Inc. (collectively, "tribally-related defendants").

4          Having reviewed the parties' Joint Status Report filed on September 10, 2015,

5   considered their arguments at the status conference, reviewed the appellate briefs lodged with the

6   court following the status,[1] and good cause appearing, the court makes the following orders:

7   I.      JURISDICTION

8          In the absence of a motion, the court has considered the threshold question of

9   whether it has jurisdiction to proceed in issuing this Status Order, and at this time concludes that

10  it does.

11         A.      Background

12         On August 26, 2014, plaintiffs filed their Second Amended Complaint.  ECF No.

13  51.  On January 2, 2015, plaintiffs filed a Motion for Preliminary Injunction and Writ of Mandate.

14  ECF No. 60.  On May 15, 2015, the court denied plaintiffs' motion, determining that plaintiffs

15  lacked standing to bring the motion against federal defendants and defendants Hunter,

16  Chamberlain, Mesa, Tellow, and Lotta, and that plaintiffs failed to establish any of the four

17  requirements for a preliminary injunction against the corporate defendants.  ECF No. 93.

18  Plaintiffs filed an interlocutory appeal of the court's order on May 19, 2015.  ECF No. 94.

19  Plaintiffs' appeal of the order is currently pending before the Ninth Circuit.  On June 16, 2015,

20  this court invited the parties to address this court's jurisdiction in light of the pending appeal.

21  ECF No. 102.  In their Joint Status Report, the parties dispute whether the court has jurisdiction to

22  proceed with this action on the merits.  ECF No. 106 at 3-5.

23  /////

24  /////

25

26      [1] The court takes judicial notice of the appellate briefs currently pending with the Ninth
    Circuit.  ECF Nos. 109-11.  Judicial notice is appropriate because the existence of these briefs
27  "can be accurately and readily determined from sources whose accuracy cannot reasonably be
    questioned."  Fed. R. Evid. 201(b)(2).
28

1          B.      Analysis

2                  The Supreme Court has observed that "[t]he filing of a notice of appeal is an event

3    of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

4    district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

5    *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  As the Ninth Circuit has explained,

6    this divestiture principle is a judge-made doctrine designed "to promote judicial economy and

7    avoid the confusion that would ensue from having the same issues before two courts

8    simultaneously." *Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166

9    (9th Cir. 2001); *see Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988).

10                 However, the Ninth Circuit has recognized an exception to this general rule:

11   appeals from orders granting or denying a preliminary injunction "do[ ] not divest the trial court

12   of jurisdiction to continue with other phases of the case." *Phelan v. Taitano*, 233 F.2d 117, 119

13   (9th Cir. 1956) (affirming district court's jurisdiction to dismiss case while appeal from order

14   denying preliminary injunction was pending); *see also G & M, Inc. v. Newbern*, 488 F.2d 742,

15   746 (9th Cir. 1973) ("It is true . . . that an appeal from an order granting or denying a preliminary

16   injunction does not divest the district court of jurisdiction to proceed with the action on the

17   merits—i. e., the merits are not matters 'involved in the appeal.'").  In such an event, the case "is

18   to proceed in the lower court as though no such appeal had been taken, unless otherwise specially

19   ordered." *Phelan*, 233 F.2d at 119 (quoting *Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S.

20   156, 162 (1906)).  In *Plotkin v. Pacific Telephone and Telegraph Co.*, 688 F.2d 1291 (9th Cir.

21   1982), for example, the Ninth Circuit held that a district court had the power to enter summary

22   judgment during the pendency of an appeal from an order denying a preliminary injunction on the

23   same basis. *Id.* at 1293.  The court reiterated that "an appeal from an interlocutory order does not

24   stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not

25   divest the trial court of jurisdiction to continue with other phases of the case." *Id.*

26                 In accordance with these Ninth Circuit authorities, the court finds it has

27   jurisdiction to "continue with other phases of the case," *Plotkin*, 688 F.2d at 1293; *Phelan*,

28   233 F.2d at 119.  Although the pending appeal divests the court of jurisdiction over matters

1    directly involved in the appeal, it does not divest the court of jurisdiction over any matter that

2    merely seems somewhat related to the preliminary injunction motion.  At this time, the court finds

3    that it has jurisdiction to issue the orders contained herein.

4    II.    SERVICE OF PROCESS

5         A.    Background

6              On August 26, 2014, plaintiffs filed their Second Amended Complaint, which

7    added thirteen federal and tribal defendants in their individual capacity (in addition to their

8    official capacity), as well as three new corporate defendants.  ECF No. 51.  On August 29, 2014,

9    Defendants filed an Ex Parte Application for Enlargement of Time to Respond to the Second

10   Amended Complaint.  ECF No. 53.  The court granted defendants' Application for Enlargement

11   of time on September 4, 2014, and ordered all defendants to respond to the Second Amended

12   Complaint "within forty-five (45) days after all newly named defendants have been served."  ECF

13   No. 58.  To date, defendants have not responded to the Second Amended Complaint.

14             Defendants argue that plaintiffs have not served all newly named defendants, so

15   the 45-day period to respond has not yet begun.  Specifically, federal defendants claim that

16   plaintiffs have not served any of the federal officials in their individual capacity.  ECF No. 106 at

17   5.  Tribally-related defendants claim that four tribal officials were not timely served.  *Id.* at 5-6.[2]

18        B.    Legal Standard

19             If a defendant is not served within 120 days after the complaint is filed, Rule 4(m)

20   of the Federal Rules of Civil Procedure empowers the court to "dismiss the action without

21   prejudice against that defendant or order that service be made within a specified time."  Fed. R.

22   Civ. P. 4(m); *see In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001).  "But if the plaintiff shows

23   good cause for the failure, the court must extend the time for service for an appropriate period."

24   Fed. R. Civ. P. 4(m); *see Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (a court must

25

26

27             [2] The parties have a similar dispute regarding service of process in a related case, *Rosales v. Dutschke*, No. 2:15-cv-01145-KJM-KJN.

28

4

give notice to the plaintiff and provide an opportunity to show good cause before dismissing the action for lack of service).

When a plaintiff sues an officer or employee of the United States in an individual capacity for an act occurring in connection with duties performed on behalf of the United States, a party must serve the United States and also serve the officer or employee as an individual under Rule 4(e). Fed. R. Civ. P. 4(i)(3). The Ninth Circuit and other courts of appeal have repeatedly held that when an official is sued in both her individual and official capacities, service under Rule 4(i)(2) is not sufficient; the official must be dismissed from the action in her individual capacity unless she is also served as an individual under Rule 4(e). *See, e.g.*, *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982) (unless official is served as individual under Rule 4, court is without jurisdiction to render personal judgment against official); *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980) (rejecting plaintiff's argument that "once [the official] was properly served in his official capacity, he was properly before the court in both individual and official capacities").

C.    Analysis

1.    Federal Defendants

In the Joint Status Report, federal defendants contend that plaintiffs "have not personally served any of the federal agency officials in their individual capacities." ECF No. 106 at 5. Here, plaintiffs filed their Second Amended Complaint on August 26, 2014, so the time to serve the newly named defendants under Rule 4(m) presumptively expired on December 24, 2014. Fed. R. Civ. P. 4(m).

Plaintiffs submit that they have timely served all defendants, but the docket entries do not show proof of service of the following six newly-named individuals: Tracie Stevens, Sally Jewell, Kevin Washburn, Paula L. Hart, Dawn Houle, and Jonodev Chaduri. The docket shows return of service of five of these persons as officials – all but Chaduri – by mail as provided by Rule 4(i)(2), but it does not show proof of service of these officials as individuals as provided by Rule 4(e), as required under Rule 4(i)(3). *See* ECF No. 8 (Proof of Service of Sally Jewell, Kevin Washburn, Paula Hart, and Tracie Stevens); ECF No. 35 (Proof of Service of Dawn Houle). IT

5

IS THEREFORE ORDERED that plaintiffs show cause within 14 days of the date of this order why the claims against Tracie Stevens, Sally Jewell, Kevin Washburn, Paula L. Hart, Dawn Houle, and Jonodev Chauduri, each in their individual capacity, should not be dismissed under Rule 4(m).

The docket entries do show plaintiffs' timely return of personal service of two of the federal officials—Amy Dutschke and John Rydzik—and the process server has provided the name of the person authorized to receive service. ECF No. 70. Because plaintiffs have made a preliminary showing of having served Amy Dutschke and John Rydzik in their individual capacity, plaintiffs are not ordered to show cause why Amy Dutschke and John Rydzik should not be dismissed in their individual capacity. Amy Dutschke and John Rydzik may file motions challenging the sufficiency of service in response to plaintiffs' Second Amended Complaint.

2. Tribally-Related Defendants

A factual dispute exists as to whether the four individual tribal officials—Richard Tellow, Robert Mesa, Charlene Chamberlain, and Julia Lotta—were properly served. Plaintiffs have filed returns of service of the four tribal officials, which state that the process server left the documents with the tribal policeman in charge on December 24, 2014. ECF No. 71. The process server described the physical characteristics of the tribal policeman in the proof of service. *Id.* Defendants dispute these facts. In the Joint Statement, tribally-related defendants claim that the process server left the documents on the ground in the parking lot outside of the Tribal Office, and that the office was closed for Christmas Eve. ECF No. 106 at 6.

Because plaintiffs have made a preliminary showing of having served the four tribal officials, plaintiffs are not ordered to show cause why the four tribal officials should not be dismissed. Richard Tellow, Robert Mesa, Charlene Chamberlain, and Julia Lotta may file motions challenging the sufficiency of service in response to plaintiffs' Second Amended Complaint.

1    III.     <u>TIME TO RESPOND TO SECOND AMENDED COMPLAINT</u>

2            The court VACATES its order of September 4, 2014 (ECF No. 58) and ORDERS

3 all defendants to respond to the Second Amended Complaint within 30 days of the date of this

4 order.

5    IV.     <u>REPORTING OF NIGC ACTION</u>

6            If the NIGC Chairman takes any actions on the Tribe's gaming management

7 contract, the parties are directed to report such action to the court promptly, within 7 days.

8    V.     <u>CONCLUSION</u>

9            The court makes the following orders:

10      (1)     Plaintiffs are ordered to show cause within 14 days of the date of this order why

11            the claims against Tracie Stevens, Sally Jewell, Kevin Washburn, Paula L. Hart,

12            Dawn Houle, and Jonodev Chauduri in their individual capacities should not be

13            dismissed under Rule 4(m);

14      (2)     All defendants are ordered to respond to the Second Amended Complaint within

15            30 days of the date of this order;

16      (3)     The parties are ordered to report any actions by the NIGC Chairman on the Tribe's

17            gaming management contract within 7 days.

18            IT IS SO ORDERED.

19   DATED:  November 3, 2015.

20

21                                    _____

22                                    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28