UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMUL ACTION COMMITTEE, et al., | No. 2:13-cv-01920-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| JONODEV CHAUDHURI, Acting Chairman of the National Indian Gaming Commission, et al., | |
| Defendants. | |

I.   BACKGROUND

The court on November 3, 2015 signed, and on November 4, 2015 filed, a Status Order ordering plaintiffs to show cause within 14 days of the date of the order why the claims against defendants Tracie Stevens, Sally Jewell, Kevin Washburn, Paula L. Hart, Dawn Houle, and Jonodev Chaudhuri in their individual capacity should not be dismissed for lack of timely service of summons and complaint. ECF No. 115. On November 20, 2015, having received no response from plaintiffs, the court dismissed the six defendants in their individual capacity without prejudice. ECF No. 119.

/////

/////

1

Also on November 20, 2015, after the court filed its order, plaintiffs filed an untimely[1] response to the court's November 4, 2015 Order to Show Cause. ECF No. 120. In their response, plaintiffs argue that although the six defendants were served only in their official capacities, they generally appeared and waived service in their individual capacity by requesting an enlargement of time to respond to the Second Amended Complaint.[2] *Id.* (citing ECF No. 53). Plaintiffs further argue that the six defendants waived the defenses of lack of personal jurisdiction, process or service of process under Rule 12 of the Federal Rules of Civil Procedure by failing to timely file a motion to dismiss. *See id.*

## II.   WAIVER THROUGH GENERAL APPEARANCE

"Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion or in a responsive pleading." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). A general appearance occurs whenever a party participates in the case and demonstrates a "clear purpose to defend the suit," *Wilson v. Moore and Associates, Inc.*, 564 F.2d 366, 369 (9th Cir. 1977), such as by filing a responsive pleading or motion for summary judgment, *see Jackson*, 682 F.2d at 1347–48.

The court first notes that it is not clear the six defendants appeared in their individual capacity, as compared to only in their official capacity, when they requested an enlargement of time. The request asserted that the defendants had not been served in their individual capacity, ECF No. 53 at 2, and defendants' counsel submitted a declaration accompanying the request stating that they did not have authority to represent the defendants in their individual capacity. ECF No. 53, ¶ 3.

Even if the six defendants had appeared in their individual capacity when they requested an enlargement of time to respond to the Second Amended Complaint, plaintiffs'

---

[1] The court rejects plaintiffs' argument that their response was actually due November 20 or 23 based on Rules 6(c) and 26(d) of the Federal Rules of Civil Procedure. *See* ECF No. 120 at 1 n.1.

[2] Plaintiffs again object to the court's jurisdiction in light of the pending appeal before the Ninth Circuit. *See* ECF No. 120. The court has considered plaintiffs' position and disagrees for the reasons provided in the court's previous Status Order, ECF No. 115.

argument is unpersuasive.  The six defendants did not file an Answer or responsive pleading in their individual capacities, and the filing of a request for an enlargement of time to respond to the Second Amended Complaint does not demonstrate a "clear purpose to defend the suit."  *Cf. Wilson*, 563 F.2d at 369; *Jackson*, 682 F.2d at 1347–48.  Accordingly, the six defendants did not waive a defect of lack of personal jurisdiction through a voluntary general appearance.

III.     WAIVER THROUGH FAILURE TO FILE TIMELY MOTION TO DISMISS

A party waives any defense listed in Federal Rules of Civil Procedure 12(b)(2)–(5) by failing to assert it in the first filed responsive pleading.  Fed. R. Civ. P. 12(h)(1).  Plaintiffs contend the six defendants waived the defenses of lack of personal jurisdiction, process or service of process because they failed to timely file a motion to dismiss.  This court previously enlarged the time for all defendants to respond to the Second Amended Complaint to forty-five days after service of all newly named defendants.  ECF No. 58.  Because plaintiffs never served the newly named defendants in their individual capacities, the forty-five day period never began to run.  On November 4, 2015, the court modified its previous order and ordered all defendants to respond to the Second Amended Complaint within 30 days of the date the order was filed.  ECF No. 115.  On November 20, 2015, the court granted defendants' request for an extension and extended the deadline for all defendants to respond to the Second Amended Complaint to December 21, 2015.  ECF No. 119.  Because the court dismissed the six defendants for lack of timely service on November 20, 2015, ECF No. 115, before a responsive pleading was due, the defendants did not waive any defenses by failing to timely file a motion to dismiss.

IV.     CONCLUSION

Plaintiffs have not demonstrated that they served the six defendants in their individual capacities or that the defendants waived a defect of lack of personal jurisdiction or service.  Accordingly, the court DENIES plaintiff's request to vacate its November 20, 2015 Order.  Given the plaintiffs' response, however untimely, the court DISCHARGES its November 4, 2015 Order to Show Cause.

IT IS SO ORDERED.

DATED: January 7, 2016

UNITED STATES DISTRICT JUDGE