1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMUL ACTION COMMITTEE, et al.,            No.  2:13-cv-01920 KJM-KJN

12                 Plaintiffs,

13        v.                                    ORDER

14   JONODEV CHAUDHURI, et al.,

15                 Defendants.

16

17

18          In this action the Jamul Action Committee, several of its members, and the Jamul

19   Community Church (together, the JAC), seek to prevent construction of a casino outside Jamul,

20   California.  *See* Second Am. Compl. ¶¶ 1–6, ECF No. 51.  The defendants are employees,

21   officials, or appointees of the National Indian Gaming Commission, the Department of Interior,

22   the Bureau of Indian Affairs (the federal defendants), individual members of the Jamul Indian

23   Village (the Tribe), and corporations participating in the construction of the casino (the tribally

24   affiliated defendants).  The Tribe itself is not a party.

25          In previous orders, the court granted the defendants' motions to dismiss, *see* Order

26   Aug. 5, 2014, ECF No. 50, and denied the JAC's motion for a preliminary injunction, *see* Order

27   May 15, 2015, ECF No. 93.  The plaintiffs filed an interlocutory appeal of the court's order

28   denying their motion for a preliminary injunction, which is pending.  *See* Notice of Appeal, ECF

                                              1

1  No. 94.  The court has concluded it maintains subject matter jurisdiction over this case during the

2  pending appeal.  *See* Status Order 2–4, ECF No. 115.

3         The case thus proceeds here on the plaintiffs' second amended complaint, in which

4  they assert six claims: (1) for declaratory and injunctive relief under the Indian Gaming

5  Regulatory Act; (2) for declaratory and injunctive relief under the Indian Reorganization Act of

6  1934; (3) for declaratory and injunctive relief under equal constitutional conceptions of protection

7  and federalism; (4) for injunctive relief for nuisance; (5) for declaratory relief under the National

8  Environmental Policy Act; (6) and for declaratory and injunctive relief concerning violation of a

9  federally approved compact between the Tribe and the State of California.  *See generally* Second

10 Am. Compl.[1]

11        The federal and tribally affiliated defendants both moved to dismiss the second

12 amended complaint on December 21, 2015.  *See* Tribe Defs.' Mot. Dismiss, ECF Nos. 123, 125;

13 Fed. Defs.' Mot. Dismiss, ECF No. 127.  Their motions primarily challenge this court's subject

14 matter jurisdiction without reference to the pending appeal; they raise questions of the plaintiff's

15 standing, failure to join the Tribe (which they argue is a necessary party), and the Tribe's and the

16 United States' sovereign immunity.  Their motions draw heavily on this court's previous orders,

17 which dismissed claims and denied a preliminary injunction on similar jurisdictional questions.

18 *See* Order Aug. 5, 2014, at 18–20 (sovereign immunity); *id.* at 23–27 (failure to join a necessary

19 party); Order May 15, 2015, at 13–14 (standing).

20        Before opposition briefs on the pending motions to dismiss were due, the JAC

21 moved for partial summary judgment.  ECF No. 133.  In that motion, the JAC requests "a

22 determination that none of the four properties on which a proposed Indian casino is being

23 constructed . . . is a 'reservation' as that term is defined and used in the Indian Gaming

24

25        [1] On October 1, 2015, this case was related to *Rosales v. Dutschke*, No. 15-1145 (E.D.
   Cal. filed May 27, 2015).  *See* Related Case Order, ECF No. 114.  In the related case, the
26 plaintiffs seek to halt construction of the same casino, which they allege has led to the desecration
   and disinterment of their families' remains and funerary objects.  *See generally* Compl., No. 15-
27 1145, ECF No. 1.  Many of the defendants in the *Jamul Action Committee* case are also
   defendants in *Rosales*.

28

1   Regulatory Act (IGRA)."  Mem. P. &A. 1, ECF No. 133-1 (citing 25 U.S.C. §§ 2701–2721).  In

2   response, the tribally affiliated and federal defendants moved *ex parte* to stay any briefing or

3   hearing on the motion for summary judgment until their jurisdictional motions are resolved.  *See*

4   *Ex* Parte App. Stay, ECF No. 135; Joinder; ECF No. 136.

5      The JAC responds that its own motion "raises important jurisdictional issues

6   which directly affect the authority of the [NIGC] to approve the gaming management contract."

7   Resp. Ex Parte App. at 2, ECF No. 138.  This characterization is not quite correct; the JAC's

8   motion addresses not this court's jurisdiction, but the defendants'.  Specifically, the motion raises

9   the substantive question of the ownership of the land on which the future casino sits.  *See, e.g.*,

10   Mem. P. & A. at 1 ("Plaintiffs request a determination that none of the four properties on which a

11   proposed Indian casino is being constructed in Jamul, California, is a 'reservation' as that term is

12   defined and used in the Indian Gaming Regulatory Act (IGRA).").

13      The *ex parte* request to stay briefing and adjudication of the plaintiffs' motion for

14   summary judgment is GRANTED.  "[A] federal court generally may not rule on the merits of a

15   case without first determining that it has jurisdiction . . . ."  *Sinochem Int'l Co. Ltd. v. Malaysia*

16   *Int'l Shipping Corp.* 549 U.S. 422, 430–31 (2007).  Here, where the court has in previous orders

17   questioned its subject matter jurisdiction, moving forward with briefing and argument of the

18   JAC's merits-based motion for summary judgment may prove an exercise in futility.  It is better

19   first to ensure the court has jurisdiction over the substance of the case.  *See, e.g.*, *Landis v. N. Am.*

20   *Co.*, 299 U.S. 248, 254 (1936) (observing the district court has power to "control the disposition

21   of the causes on its docket with economy of time and effort for itself, for counsel, and for

22   litigants"); *Harris v. Parisian*, No. 06-143, 2007 WL 1140657, at *2 (D. Mont. Apr. 16, 2007)

23   (entering a stay pending resolution of jurisdictional motions).

24   /////

25   /////

26   /////

27   /////

28   /////

1    In light of the court's discretion to manage this litigation, briefing on the plaintiffs'

2  pending motion for summary judgment, ECF No. 133, is STAYED.  This order resolves ECF

3  No. 135.  A separate order on the defendants' ex parte request to continue, ECF No. 137, will

4  issue shortly.

5    IT IS SO ORDERED.

6   DATED:  March 2, 2016.

7

8    _____
                      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28