UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMUL ACTION COMMITTEE, et al., | No. 2:13-cv-01920-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| JONODEV CHAUDHURI, Acting Chairman of the National Indian Gaming Commission, et al., | |
| Defendants. | |

This matter is before the court on a motion to dismiss that the court has converted to one for partial summary judgment. Plaintiffs in this action are a group of individuals, a non-profit association, and a community church from Jamul, California. Plaintiffs allege defendants are illegally constructing a casino on the Jamul Indian Village's land, upon which plaintiffs allege federal law prohibits gambling. *See* Second Am. Compl. ("SAC"), ECF No. 51. Defendants in this case are federal officials, members of the Jamul Indian Village ("Tribe"), and private corporations tasked with the construction and management of the casino. *Id.* The issue before the court is whether to grant summary judgment for the federal defendants on plaintiffs' fifth cause of action, which alleges a violation of the National Environmental Policy Act (NEPA). Order Aug. 8, 2016, ECF No. 151. Plaintiffs filed no opposition. For the following reasons, the court GRANTS summary judgment for the federal defendants on this limited question.

1

I.     BACKGROUND

This court's prior order, which partially granted defendants' motion to dismiss, outlines the facts of this case in detail. ECF No. 151. The following facts are limited to what is pertinent to understanding the instant order.

In plaintiffs' second amended complaint they allege, in part, that the federal defendants violated NEPA, 42 U.S.C. § 4321, by approving the Tribe's gaming ordinance and management and development contracts for the casino before preparing a supplemental environmental impact statement ("SEIS"). SAC ¶ 127. In response to an earlier motion for preliminary injunction, federal defendants contended no such final approval had yet occurred. Opp'n to Mot. for Prelim. Inj., ECF No. 63. In November 2015, the court directed the parties to report any action by the Chairman of the National Indian Gaming Commission ("NIGC") concerning approval or disapproval of the Tribe's gaming management agreement. Order Nov. 4, 2015, ECF No. 115. On September 30, 2016, the NIGC approved the Tribe's gaming management agreement, and federal defendants notified the court of the approval. Ex 1, ECF No. 158.

Before the federal defendants submitted their notice of final approval, they moved to dismiss the second amended complaint in full. Mot. to Dismiss, ECF No. 127. On August 8, 2016, the court converted federal defendants' motion to dismiss plaintiffs' NEPA claim into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). ECF No. 151. The court permitted supplemental briefing and presentation of additional evidence on the issue of whether the federal defendants have issued a "final agency action" approving or disapproving the gaming agreement, as required for plaintiffs' NEPA claim to proceed. *Id.* Federal defendants filed supplemental briefing. ECF No. 155. Plaintiffs did not.

II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(d) provides that if either party includes extraneous material in connection with a motion to dismiss under Rule 12(b)(6), the court may properly treat the motion to dismiss as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Before ruling on the converted summary judgment motion, the court must allow

both parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 also authorizes granting summary judgment on only part of a claim or defense, known as partial summary judgment. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought"). The standard for partial summary judgment is the same as a motion for summary judgment. *State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998); *Lennar Mare Island, LLC v. Steadfast Insurance Company*, 176 F. Supp. 3d 949, 954 (E.D. Cal. 2016) (citation omitted).

In either a full or partial motion for summary judgment, the moving party bears the initial burden of showing the district court "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . . ; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no genuine issue of material fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48.

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). This is true even where the non-moving party files no opposition. *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997). The Ninth Circuit has repeatedly held that it is error to grant a motion for summary judgment simply because the non-moving party failed to oppose. *See id.* (citing *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 967 (9th Cir. 1981)). After all, "[t]he party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition." *Id.* (citation omitted).

The court now turns to the federal defendants' argument for partial summary judgment in this case.

III.   DISCUSSION

Plaintiffs' fifth claim contends the federal defendants violated NEPA by approving the gaming management agreement for, and the construction of, the Tribe's casino without first taking "a proper 'hard look'" at the effects the casino would have on the environment and preparing an environmental impact statement. SAC ¶¶ 130–131, 138–139. To succeed on this NEPA claim, plaintiffs must be able to show that at the time of filing their operative complaint, federal defendants in fact had issued a final approval of the gaming agreement. This is true for two reasons. First, proof of final agency action is a prerequisite for a NEPA claim, because the NEPA claim is triggered only after the agency approves the agreement without the requisite environmental impact analysis. Second, this court's subject matter jurisdiction over plaintiffs' NEPA claim depends on plaintiffs showing there was a "final agency action" as required under the Administrative Procedure Act ("APA"). *Rattlesnake Coal. v. EPA*, 509 F.3d 1095, 1103 (9th Cir. 2007); *see also Bennett v. Spear*, 520 U.S. 154, 175-78 (1997) (explaining the right to judicial review under the APA only attaches after a "final agency action for which there is no other adequate remedy in a court.") (citation omitted). A final agency action occurs when "'the agency has completed its decision-making process' and 'the result of that process is one that will

directly affect the parties.'" *W. Shoshone Nat'l Council v. United States*, 408 F. Supp. 2d 1040, 1050 (D. Nev. 2005) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)).

Here, defendants submitted proof that the NIGC did not approve the gaming management agreement until September 30, 2016. Ex. 1 at 1, ECF No. 158. Plaintiffs filed their second amended complaint, the operative complaint, on August 26, 2014. ECF No 51. To succeed on their NEPA claim, plaintiffs must show the requisite "final agency action" had occurred by the time they filed their second amended complaint, because "[s]ubject matter jurisdiction must exist at the time the action is commenced." *Mamigonian v. Biggs*, 710 F.3d 936, 941-42 (9th Cir. 2013) (affirming dismissal for lack of subject matter jurisdiction where there was no final agency action when original complaint was filed) (citation omitted). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Id.* (quoting *Orff v. United States*, 358 F.3d 1149 (9th Cir. 2004)).

Plaintiff has provided no evidence, nor does the record contain any evidence, suggesting the final agency action took place on any date other than September 30, 2016. As such, the court finds no genuine issue of fact over the date of final agency action. Plaintiffs' NEPA claim fails as a matter of law. Because final agency action is a prerequisite to this court's jurisdiction under the Administrative Procedure Act, this court lacks subject matter jurisdiction over plaintiffs' NEPA claim here.

The court GRANTS summary judgment in favor of federal defendants on plaintiff's fifth cause of action.

This resolves ECF No. 159.

IT IS SO ORDERED.

DATED: December 12, 2016.

_____
UNITED STATES DISTRICT JUDGE

5